UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARIO MARES VILLAGOMEZ,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM Secretary, U.S Department of Homeland Security,<br>PAMELA BONDI Attorney General, U.S. Department of Justice,<br>SAMUEL OLSON Field Office Director, Chicago Field Office, Immigration and Customs Enforcement,<br>NATASHA DOUGLASS Jail Commander, Clinton County Jail,<br><br>Respondents. | No. 1:26-cv-00089-SEB-KMB |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Mario Mares Villagomez is being detained by U.S. Immigration and Customs Enforcement ("ICE") at the Clinton County Jail. Mr. Mares Villagomez now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody or a bond hearing pursuant to 8 U.S.C. § 1226(a). Dkt. 1 at 16. For the reasons explained below, the Court grants the petition to the extent that no later than **5:00 p.m. on January 30, 2026**, Respondents must either: (1) afford Mr. Mares Villagomez an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Mares Villagomez from custody, under reasonable conditions of supervision.

1

I.  **Background**

Mr. Mares Villagomez is a Mexican citizen. Dkt. 1 ¶ 26. In November 2021, he entered the United States without inspection. *Id.* On August 2, 2025, ICE officers detained him. That same day, the Department of Homeland Security issued a Notice to Appear. Dkt. 7-2 at 1.

The Notice to Appear charges Mr. Mares Villagomez with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General" and under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as "an immigrant who, at the time of application for admission, is not in possession of a . . . valid entry document . . . , a valid unexpired passport, or other suitable travel document, or document of identity and nationality." *Id.* at 4. The "arriving alien" checkbox is unmarked. *Id.* at 2.

Last year, on August 13, September 9, and December 19, immigration judges denied Mr. Mares Villagomez's request for a custody determination on the basis that they did not have jurisdiction to set bond. Dkt. 1-2 at 7-13.

II. **Discussion**

Mr. Mares Villagomez claims that his current detention violates the Due Process Clause of the Fifth Amendment (Count I) and the INA (Count II). Dkt. 1 ¶¶ 58–70. Respondents argue that Mr. Mares Villagomez is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2)(A); that, in the alternative, he is lawfully detained under the INA pursuant to 8 U.S.C. § 1226(a) because he will have the opportunity to receive a hearing; and that his detention is constitutional. Dkt. 7 at 7-13.

The Court finds that Mr. Mares Villagomez's detention is governed by § 1226(a) and that it is unlawful because he has not been afforded a bond hearing. Because Mr. Mares Villagomez is

entitled to habeas corpus relief on these grounds, the Court does not address the constitutional arguments.

### A. 8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . . [T]he Attorney General—

    (1) may continue to detain the arrested alien; and

    (2) may release the alien on—

        (A) bond . . . ; or

        (B) conditional parole . . . .

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he

3

poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

## B. Mr. Mares Villagomez Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)

The record reflects that Mr. Mares Villagomez is eligible for a bond hearing under § 1226(a).

Respondents argue that Mr. Mares Villagomez is subject to the broader "catchall provision" in § 1225(b)(2) because he is an "applicant for admission" according to § 1225(a)(1), who is not covered by the narrower provisions for "arriving aliens" in § 1225(b)(1), and who is "not clearly and beyond doubt entitled to be admitted." Dkt. 7 at 8.

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Mares Villagomez who have lived in the interior of the United States for years. *See Tercero Argueta v. Mills*, No 4:25-cv-229-SEB-KMB, dkt.12 at 10 (S.D. Ind. Dec. 9, 2025). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *Id.* at 4-10. Respondents have cited no binding precedent to the contrary. The Court has previously found that the few district court decisions adopting the Respondents' interpretation of § 1225 were distinguishable or

otherwise unpersuasive.[1] *See, e.g. Jimenez Reyes v. Olson, et al.*, Case No. 2:25-cv-00622-JRS-MG, dkt. 13 (S.D. Ind. Dec. 30, 2025).

The Court concludes that Mr. Mares Villagomez is entitled to a bond hearing under § 1226, and it declines to reach his other arguments.[2]

### C. Opportunity for Bond Hearing

In the alternative, Respondents argue that Mr. Mares Villagomez is being lawfully detained under § 1226a "because he has had the opportunity to receive a hearing before an Immigration Judge." Dkt. 7 at 12. Respondents therefore argue that this Court does not have jurisdiction over this matter due to § 1226(e), which states:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

*Id.* (quoting 8 U.S.C. § 1226(e)).

There is no evidence, however, that Mr. Mares Villagomez had or will have a bond hearing at which the immigration judge will make an individualized bond decision. In fact, Respondents contend that Mr. Mares Villagomez is ineligible for such a bond hearing. Because an immigration

---

[1] The government offers a passing reference to *Cruz Rodriguez v. Olson*, No. 1:25-cv-12961, 2025 WL 3672856 (N.D. Ill. Dec. 17, 2025), withdrawn & superseded, 2026 WL 63613 (N.D. Ill. Jan. 8, 2026), which the Court addresses specifically due to its recency and its issuance from within the Seventh Circuit. *Cruz Rodriguez* offers a thorough and thoughtful analysis of §§ 1225 and 1226 and concludes that *both* provisions apply to certain aliens apprehended inside the United States. *See Cruz Rodriguez*, 2025 WL 3672856, at *7 ("Sections 1225(b)(2) and 1226 have different, but overlapping, scopes."). This Court finds that logic problematic for reasons expressed in previous decisions and discussed further below. Regardless, this Court joins another jurist from the Northern District of Illinois in deferring to *Castañon-Nava* as highly persuasive, directly applicable authority from a superior tribunal on a pure question of law. *See Morales Perez*, No. 1:25-CV-14995, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026).

[2] The Court incorporates by reference its more fulsome statutory interpretation of 8 U.S.C. §§ 1226 and 1225 and corresponding analysis of the circumstances to which those statutes apply as set forth in *Mares Villagomez v. Olson et al.*, Case No. 2:26-cv-00003-JPH-MKK, Dkt. 13 (S.D. Ind. Jan. 10, 2026).

6

judge has not "denied" or "revoked" bond, instead determining that there was no jurisdiction to make a decision on the matter, § 1226(e) does not have any bearing on this petition.

Mr. Mares Villagomez has not had an opportunity to meaningfully request and receive an individualized bond hearing. Thus, his detention pursuant to § 1226(a) is currently unlawful.

### III.  Scope of Relief

Mr. Mares Villagomez is entitled to habeas relief because his continued detention without a bond hearing violates ". . . the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Mares Villagomez requests immediate release from custody or, in the alternative, an individualized bond hearing. Dkt. 1 at 16. Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thursaissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Mr. Mares Villagomez's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a) and its regulations.

### IV.  Conclusion

The Court grants the petition to the extent that no later than **5:00 p.m. on January 30, 2026**, Respondents must either: (1) provide Mr. Mares Villagomez with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Mares Villagomez from custody, under reasonable conditions of supervision. No later than **5:00 p.m. on February 2, 2026**, Respondents must file documentation certifying that they have provided Mr. Mares Villagomez with a bond hearing, including apprising the Court of the

results of the hearing. If Respondents release Mr. Mares Villagomez, then they must file documentation certifying his release. The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 1/27/2026

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

8