UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARIO MARES VILLAGOMEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-00089-SEB-KMB |
| | ) | |
| KRISTI NOEM Secretary, U.S Department of | ) | |
| Homeland Security, | ) | |
| PAMELA BONDI Attorney General, U.S. | ) | |
| Department of Justice, | ) | |
| SAMUEL OLSON Field Office Director, Chicago | ) | |
| Field Office, Immigration and Customs | ) | |
| Enforcement, | ) | |
| NATASHA DOUGLASS Jail Commander, Clinton | ) | |
| County Jail, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER DIRECTING FURTHER PROCEEDINGS**

This matter is before the Court on Petitioner Mario Mares Villagomez's motion to enforce. Dkt. [12].

On January 27, 2026, the Court granted Mr. Mares Villagomez's petition for writ of habeas corpus and ordered Respondents to either release Mr. Mares Villagomez under reasonable conditions of supervision or provide him with "an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations." Dkt. 9. If Respondents chose the latter option, they were ordered to file documentation certifying that they provided him with a hearing as ordered and apprise the Court of the results of the hearing. *Id.* On January 29, Respondents filed a notice stating only that Mr. Mares Villagomez had received a hearing as ordered but not apprising the Court of the results. Dkt. 11.

1

In the instant motion to enforce, Mr. Mares Villagomez notes that Respondents failed to follow the Court's order to apprise the Court of the results of the bond hearing, which was that he was ordered to be detained without bond. Mr. Mares Villagomez also asks the Court to either order Respondents to release him immediately or schedule a bond hearing before a neutral factfinder where the burden is on the Government to prove by clear and convincing evidence that Mr. Mares Villagomez poses a danger or is a flight risk. He bases this request on asserted procedural deficiencies in his bond hearing in violation of the Fifth Amendment's Due Process Clause, including a shifted and heightened burden of proof and the disregard of his evidence in favor of the absence of evidence provided by the Government. He also notes, with evidence, that the ruling is inconsistent with the historical bond practices of immigration courts.

Regarding the failure to apprise the Court of bond hearing results, the Court takes judicial notice that the Government has routinely been ignoring this part of the Court's order. *See, e.g.*, *Tomas Nicolas v. Warden*, No. 4:26-cv-28-SEB-KMB, dkt. 12 (S.D. Ind. Feb. 12, 2026); *Vargas Sanchez v. Olson*, No 4:26-cv-19-SEB-KMB, dkt. 15 (S.D. Ind. Feb. 12, 2026); *Chesme Bazurto v. Swearingen*, No. 1:26-cv-122-SEB-CSW, dkt. 14 (S.D. Ind. Feb. 6, 2026); *Garcia v. Mills*, No. 4:26-cv-2-SEB-KMB, dkt. 13 (S.D. Ind. Jan. 23, 2026). Respondents are ordered to show cause for this repeated failure to follow the Court's order.

Regarding the request for release or a new bond hearing, the Court must ensure that it has jurisdiction to act. Mr. Mares Villagomez's bond hearing was conducted under the auspices of 8 U.S.C. § 1226, which states, in part: "No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e).

The Court acknowledges Mr. Mares Villagomez's arguments that he was not provided with the ordered "individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations" because the wrong legal standard was applied, the adjudicator was not neutral, and there was a lack of due process. Still, the Court is uncertain whether, considering § 1226(e), Mr. Mares Villagomez can pursue relief through this Court instead of following the administrative appeal process, which provides for appeals of immigration judge decisions to the Board of Immigration Appeals within 30 days of the decision. *See* 8 C.F.R. § 1003.38. The Court will order briefing on the subject of jurisdiction.

## CONCLUSION

Based on the above, the Court **ORDERS** Respondents to **SHOW CAUSE on or before February 27, 2026**, for their repeated failure to comply with the Court's orders to apprise the Court of the results of individualized bond hearings.

The Court also **ORDERS** Mr. Mares Villagomez to **FILE on or before February 27, 2026**, a supplemental brief on the Court's jurisdiction to hear his request for release or a new bond hearing. If he determines that jurisdiction does not lie with this Court, Mr. Mares Villagomez may also comply with this order by filing a notice withdrawing these requests. Respondents may respond to the supplemental brief within seven days of its filing.

**IT IS SO ORDERED.**

Date: _____2/20/2026_____          _Sarah Evans Barker_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

3

Distribution:

Nicole Provax
Kriezelman Burton & Associates
nprovax@krilaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov