UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARIO MARES VILLAGOMEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-00089-SEB-KMB |
| | ) | |
| KRISTI NOEM Secretary, U.S Department of | ) | |
| Homeland Security, | ) | |
| PAMELA BONDI Attorney General, U.S. | ) | |
| Department of Justice, | ) | |
| SAMUEL OLSON Field Office Director, Chicago | ) | |
| Field Office, Immigration and Customs | ) | |
| Enforcement, | ) | |
| NATASHA DOUGLASS Jail Commander, Clinton | ) | |
| County Jail, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER DENYING MOTION TO ENFORCE**

On January 27, 2026, the Court granted Petitioner Mario Mares Villagomez's petition for a writ of habeas corpus and ordered Respondents "to provide him an individualized bond hearing as required by § 1226(a) and its regulations." Dkt. 9 at 7. The Court entered final judgment. Dkt. 10.

On February 19, 2026, Mr. Mares Villagomez filed a motion to enforce that judgment. Dkt. [12]. The Court directed further proceedings, and Mr. Marez Villagomez and the federal respondents filed responses. Dkts. 13, 15, 16. Then, as directed by the Court, these same parties filed additional briefs on the topic of exhaustion. Dkts. 18, 19.

The motion to enforce is now ready for the Court's decision.

**I. Factual Background**

Mr. Mares Villagomez is detained under the authority of U.S. Immigration and Customs Enforcement ("ICE"). Pursuant to the Court's order, Respondents provided Mr. Mares Villagomez

an individualized bond hearing and denied Mr. Mares Villagomez's request for a change in his custody status, finding that he "failed to meet his burden of establishing that he does not pose a risk of flight" and "failed to establish that there is an amount of bond or condition of release that can ensure his appearance for future hearings and for removal, if necessary." Dkt. 12-1 at 2.

Respondents presented no evidence at the hearing. Dkt. 12 at 2. Mr. Mares Villagomez provided nearly 120 pages of evidence, including the September 8, 2025, written order of a different Immigration Judge summarizing her oral decision granting Mr. Mares Villagomez's request for cancellation of removal. Dkt. 12-2 at 8–10. Though not included in that written summary, Mr. Mares Villagomez represents that the prior Immigration Judge had found that Mr. Mares Villagomez had established that "he had been in this country for at least ten years, he is of good moral character, he does not have any disqualifying conviction, and that his U.S. citizen children will experience exceptional and extremely unusual hardship . . . based on the children's severe physical and mental health conditions." Dkt. 12 at 2.

## II. Analysis

Mr. Mares Villagomez contends that the Immigration Judge presiding over his bond hearing did not comply with the Court's order, having failed to act as a neutral adjudicator, and thus the bond hearing violated the Fifth Amendment's Due Process Clause. Dkt. 12 at 3–5. He also contends that our court has jurisdiction to hear his challenge to the Immigration Judge's decision based on the Judge's incorrect application of the burden of proof and for violating the Constitution. Dkt. 16 at 2. He maintains, for these reasons, that his bond hearing was fundamentally unfair. *Id.* at 3.

Respondents counter that, in providing Mr. Mares Villagomez with an individualized bond hearing which resulted in a merits-based decision on his request for bond determination, they fully

complied with the Court's order. Dkt. 15 at 1–3. They also assert that the Court lacks jurisdiction to review the immigration judge's decision. *Id.* at 3.[1]

### A.    Jurisdiction

The Seventh Circuit has directed that "[w]hen a district court issues a conditional habeas writ, it retains jurisdiction to determine compliance." *Jensen v. Pollard*, 924 F.3d 451, 454 (7th Cir. 2019) (citing *Hudson v. Lashbrook*, 863 F.3d 652, 656 (7th Cir. 2017)). Thus, the Court has authority to decide whether Respondents provided Mr. Mares Villagomez the "individualized bond hearing as required by § 1226(a) and its regulations," as we previously ordered. Dkt. 9 at 7.

Even so, the jurisdictional limitation set out in 8 U.S.C. § 1226(e), might suggest otherwise. There, it states:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

We do not read this statute to deprive federal courts of jurisdiction to hear constitutional challenges to detention in habeas cases. *Demore v. Kim*, 538 U.S. 510, 517 (2003) ("Section 1226(e) contains no explicit provision barring habeas review, and we think that its clear text does not bar respondent's constitutional challenge to the legislation authorizing his detention without bail."); *Parra v. Perryman*, 172 F.3d 954, 957 (7th Cir. 1999) ("Section 1226(e) likewise deals with challenges to operational decisions, rather than to the legislation establishing the framework for those decisions. The district court therefore had jurisdiction under § 2241."). Because Mr. Mares

---

[1] The parties also disagree on procedural grounds regarding the Board of Immigration Appeals' rejection of Mr. Mares Villagomez's Notice of Appeal of his bond denial. *See* dkt. 18 at 1–2; dkt. 19 at 3–4. This issue is beyond the scope of our prior order. We, therefore, will not address it in the context of ruling on this motion to enforce that order.

Villagomez has raised a due process challenge, we hold that § 1226(e) does not bar our consideration of his motion to enforce.

Respondents also make passing reference to another statutory limitation on judicial review, which provides, in relevant part: "No court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii) (emphasis added). Courts have generally held that § 1252(a)(2)(B)(ii)—like § 1226(e)—does not apply to constitutional challenges or to questions of law. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017); *Aracely, R. v. Nielsen*, 319 F. Supp. 3d 110, 135 (D.D.C. 2018) ("While § 1252(a)(2)(B)(ii) undoubtedly bars judicial review of individual parole decisions, courts have declined to apply it to claims challenging the legality of policies and processes governing discretionary decisions under the INA."). Accordingly, Mr. Mares Villagomez's challenge to his denial of bond on due process grounds is not foreclosed by § 1252(a)(2)(B)(ii). We thus shall proceed to address the issue of exhaustion.

### B.      Exhaustion

Respondents concede that no statute requires Mr. Mares Villagomez to exhaust his administrative remedies before pursuing a habeas action. Dkt. 18 at 3. "[W]here Congress has not clearly required exhaustion, sound judicial discretion governs." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992).

In succinct fashion, Mr. Mares Villagomez maintains that exhaustion of administrative remedies "is not an element" in determining whether Respondents complied with the Court's prior order. Dkt. 19 at 1. We note, however, the "general rule that parties [must] exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy*, 503 U.S. at 144–

4

45. Discretion is granted to the Court in deciding whether to depart from this general rule to determine whether

> individual interests demand that exhaustion be excused [which is allowable] when: '(1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.'

*Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (quoting *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir.2002)). In determining whether exhaustion of administrative remedies should be excused in this instance, we therefore examine the four factors listed above.

### 1.    Prejudice from Appellate Timeline

It is unclear based on the record before us whether Mr. Mares Villagomez has appealed or intends to appeal his bond denial through the administrative appellate process. His initial notice of appeal was rejected by the Board of Immigration Appeals ("BIA"). Whether it has been refiled we do not know. *See* dkt. 19 at 3–4.

A decision to appeal would weigh against requiring exhaustion for the reason that the appellate process itself can drag on for many months, during which time Mr. Mares Villagomez will remain detained. This imposes a hardship both on himself and his family, which includes his children who are U.S. citizens.

### 2.    Agency Competency

The competency of the agency factor redounds in favor of requiring exhaustion. Mr. Mares Villagomez's due process claim rests on the Immigration Judge's deprivation of his due process rights when she ruled contrary to the evidence and imposed on Mr. Mares Villagomez the burden of proof. These errors by the Immigration Judge, he argues, resulted in a fundamentally unfair hearing.

5

We conclude that the BIA has greater expertise than this court in reviewing decisions by immigration judges tasked with weighing the evidence adduced in administrative bond hearings. Mr. Mares Villagomez's argument that the Immigration Judge violated the Constitution by requiring him to shoulder the burden of proof regarding his release invokes principles of unsettled law. Mr. Mares Villagomez admits that the Seventh Circuit has not decided the question of who bears the burden of proof in an administrative bond hearing. Dkt. 12 at 4. Further, other circuit courts have also left this issue up in the air.[2] "The rationale for" requiring exhaustion "may be even stronger in the context of a case, like this one, that raises a constitutional question." *In re Establishment Inspection of Kohler Co.*, 935 F.2d 810, 812–13 (7th Cir. 1991). "[T]he exhaustion requirement enables courts to avoid deciding cases on constitutional grounds unnecessarily; during administrative proceedings the constitutional issue, or the entire case, for that matter, may be resolved favorably for the aggrieved party, obviating the need for the courts to address the constitutional claim." *Id.* at 813. *See also Diliberti v. Brown*, 583 F.2d 950, 951 (7th Cir. 1978) (Requiring "exhaustion would further 'the well-established and sound policy in the federal courts which seeks to avoid premature decisions of constitutional questions such as those raised in plaintiffs' complaint.'" (quoting *Champagne v. Schlesinger*, 506 F.2d 979, 984 (7th Cir. 1974))).

---

[2] *Compare Hernandez-Lara v. Lyons*, 10 F.4th 19, 39 (1st Cir. 2021) ("We therefore conclude that the government must bear the burden of proving dangerousness or flight risk in order to continue detaining a noncitizen under section 1226(a)."); *Velasco Lopez v. Decker*, 978 F.3d 842, 846 (2d Cir. 2020) ("[T]he district court correctly ordered a new bond hearing where the Government bore the burden of proof."), *with Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1214 (9th Cir. 2022) ("[E]ven when there are deficiencies in individual § 1226(a) proceedings, they may be redressable through means short of major changes to the burden of proof."); *Miranda v. Garland*, 34 F.4th 338, 365 (4th Cir. 2022) ("Espinoza did not meet his burden to show a likelihood of success on his claim that requiring an alien in a § 1226(a) bond hearing to show, by a preponderance of evidence, that he is not a danger to the community nor a flight risk violates an alien's rights under the Due Process Clause."); *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018) ("[U]nder § 1226(a) the burden remains on the detainee at all times. [W]e perceive no problem . . . .").

Mr. Mares Villagomez's current request seeks an order releasing him from custody or requiring a bond hearing before a neutral adjudicator where he does not bear the evidentiary burden. These are all issues that the BIA is well-equipped to resolve pursuant to the Immigration and Nationality Act and applied regulations. Thus, we shall allow the BIA to first address Mr. Mares Villagomez's claims, thereby avoiding the necessity of our engaging in a complex constitutional analysis involving issues on which there is no Seventh Circuit precedent and other federal courts are generally divided.

### 3.   Futility and Bias

We view the import of the third individual interest—avoiding futility or bias—as neutral. The sparse discussion Mr. Mares Villagomez provided against requiring exhaustion centers primarily on this futility and bias factor. He argues that "courts nationwide have addressed whether immigration bonds are being conducted in a fundamentally fair manner," (Dkt. 19 at 2) citing a decision from the District of New Jersey that concluded that the petitioner was not provided a "constitutionally adequate bond hearing" as the court had ordered. *Perez Meija v. Bondi*, No. CV 26-1592, 2026 WL 752560, at *5 (D.N.J. Mar. 17, 2026).

Mr. Mares Villagomez has also proffered affidavits by a former Immigration Judge and several immigration attorneys each attesting to recent, significant changes in bond practices in the immigration courts. *See, e.g.*, dkt. 12-3 at 5 ("I submit this declaration to provide the Court with direct, firsthand observations of a dramatic and systematic change in bond hearing outcomes that have occurred over the past three weeks in immigration proceedings in Virginia and Maryland . . . ."); dkt. 12-3 at 12 ("I have observed a complete 180 over the last three weeks by immigration judges in post-habeas bond cases, characterized by a systematic and uniform denial of bond without meaningful analysis of facts and law"); dkt. 12-3 at 20–21 ("[I]t is clear that the

Immigration Judge failed to consider any of the relevant enumerated factors properly prior to denying the bond . . . . Unfortunately, this incident is a common occurrence in immigration courts around the country where immigration judges are no longer neutral arbitrators as they fear retaliation and firing by the executive branch.").

Certainly, this evidence as submitted by Mr. Mares Villagomez is deeply troublesome to us. However, within this judicial district recently filed notices reveal that various petitioners have been released after being provided bond hearings pursuant to court-issued writs of habeas corpus. *See Jiminez Bravo v. Swearingen*, No. 2:26-cv-00107-JRS-MKK, dkt. 13 (S.D. Ind. Mar. 19, 2026); *Joseph v. Swearingen*, No. 2:26-cv-147-JRS-MKK, dkt. 12 (S.D. Ind. Mar. 19, 2026); *Ramirez Montes v. Swearingen*, No. 2:26-cv-176-JPH-MJD, dkt. 13 (S.D. Ind. Mar. 25, 2026). Thus, the Court finds the weight of this factor falls equally on the parties in deciding whether to require or to excuse exhaustion.

### 4.        Constitutional Questions

Finally, in terms of the existence of constitutional issues, we hold that their presence does not justify a departure from the general rule requiring exhaustion. Mr. Mares Villagomez's request that we resolve the constitutional issue he has raised substantially overlaps with the specific administrative issue. He maintains that the Immigration Judge's bond denial deprived him of due process because the judge's decision was unsupported by the evidence. Whether that is true is a decision well within the competency of the BIA.

If faced with deciding the question of who should bear the burden of proof in the bond determination, as a constitutional question that does not overlap with the merits of the Immigration Judge's decision and is unresolved based on our precedent, we might rule otherwise. But at this

juncture, in our view, it is prudent to permit the BIA to address Mr. Mares Villagomez's claims through the administrative review process.

We are not unsympathetic to the hardship of Mr. Mares Villagomez's continued detention. Even so, exhaustion of administrative remedies is required here for the reasons explained above. Thus, we decline to exercise our discretion so to excuse the exhaustion of administrative remedies requirement.

### III. Conclusion

The motion to enforce is **denied without prejudice.** Dkt. [12].

**IT IS SO ORDERED.**

Date: _____4/7/2026_____     _____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel